**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY QUINN OF THE
FAMILY SMITH,

Plaintiff,

v.

ERIN FRISCH, THROUGH
THE IV-D AGENCY,

Defendant.
______________________________/

Case No. 2:25-cv-12662

Hon. Brandy R. McMillion
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 8)**

Plaintiff Anthony Quinn of the Family Smith ("Plaintiff" or "Smith") filed this *pro se* §1983 civil rights action against Defendant Erin Frisch, through the IV-D Agency ("Defendant" or "Fisch"). ECF No. 5. Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim). ECF No. 8. Because Smith's claims are barred by Eleventh Amendment immunity, the Court **GRANTS** Defendant's Motion.

**I.**

As best the Court can discern, Smith is suing Frisch in her official capacity as director of the State of Michigan IV-D agency. ECF No. 5, PageID.16. Smith alleges

that Frisch through delegation of Title IV-D funds is responsible for depriving him of rights, privileges, and immunities guaranteed by the U.S. Constitution. *Id.* He asserts that Frisch delegated functions of the IV-D program to "FOC and Court officials… rendering her responsible for securing compliance with the requirements of the IV-D plan by said contracted officials." *Id.* at PageID.19. Smith further alleges that he served Frisch with "legal notice" and she refused to terminate his participation in the IV-D program.[1] That refusal to sever his ties with the program resulted in a violation of his First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights. *Id.* at PageID.19, 23.

As a result of these alleged violations, Plaintiff brings this § 1983 civil rights action seeking declaratory and injunctive relief, a child support refund in the amount of $47,000, compensatory and punitive damages in the amount of $2,000,000, a "formal letter of humble apologies," and $3,000 in legal fees and expenses. ECF No. 5, PageID.24.

On October 27, 2025, Defendant moved to dismiss under Rule 12(b)(1) and (6), arguing that (1) Eleventh Amendment immunity bars Plaintiff's claims; (2) Plaintiff claims for declaratory and injunctive relief are barred by the *Younger* and *Rooker-Feldman* Abstention Doctrines; and (3) Plaintiff fails to state any viable

[1] As the Court understands it, the IV-D program is the Michigan run child support program established by Title IV-D of the Social Security Act.

claims upon which relief can be granted. *See generally* ECF No. 8. Smith disputes Plaintiff's motion and seeks to have the Court allow this case to continue in its entirety. ECF No. 10. Fisch replied in support of her motion. ECF No. 11. Having reviewed the parties' briefs, the Court finds oral argument unnecessary and will rule on the record before it. *See* E.D. Mich. LR 7.1(f).

**II.**

"A claim of sovereign immunity challenges the court's subject matter jurisdiction and, as such, is properly raised under Federal Rule of Civil Procedure 12(b)(1)." *Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)). Such a motion "either *facially* or *factually* attack[s] jurisdiction." *See L.C. v. United States*, 83 F.4th 534, 542 (6th Cir. 2023) (emphasis in original). Facial attacks focus on whether the plaintiff has alleged a basis for subject-matter jurisdiction, challenging subject-matter jurisdiction "without disputing the facts alleged in the complaint" and "requir[ing] the court to treat the allegations of the complaint as true." *Id.* (quotation marks and citations omitted). Conversely, factual attacks "challenge[] the factual existence of subject matter jurisdiction," attacking the factual allegations underlying jurisdictional assertions, either by "the filing of an answer or otherwise presenting competing facts." *Id.* (quotation marks and citations omitted). Defendant's motion presents a facial attack on the Court's subject-matter jurisdiction. A facial challenge

requires the Court to accept as true the allegations in the pleadings and to construe them in the light most favorable to the nonmoving party. *See L.C.*, 83 F.4th at 542.

**III.**

The Eleventh Amendment protects states and their departments from private civil suits in federal court unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. U.S. CONST. amend. XI; *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Morgan v. Bd. Of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023). And because a claim against state employees in their official capacities is treated as a claim against the state itself, Eleventh Amendment immunity applies to them too. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). "The State of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). As a result, Plaintiff's claims are subject to dismissal.

However, even though, Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), it does

not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Here however, as Defendant points out, Plaintiff is not seeking prospective relief but is instead seeking retroactive relief as evidenced by the requested $47,000 child support payment refund and disassociation with the program. *See* ECF No. 8, PageID.50, *see also* ECF No. 5, PageID.24.

Additionally, the Court agrees with Defendant that Plaintiff's request for declaratory and injunctive relief is barred by the *Rooker-Feldman* abstention doctrine. The *Rooker-Feldman* doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). The Sixth Circuit has reaffirmed that the *Rooker-Feldman* doctrine applies to interlocutory state court orders as well. *See RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021). Federal courts have explicitly found that they lack jurisdiction under *Rooker-Feldman* to address a complaint that seeks review of child support orders issued by a state court, even on constitutional grounds. *See Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) ("Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutional"); *see also Rouse v. Nessel*, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (Federal claims that require

the district court to reject state-court child-support orders are barred under the *Rooker-Feldman* doctrine). Therefore, the Court lacks jurisdiction to provide Smith the relief he seeks.

Having found that the Court lacks jurisdiction over Smith's claims pursuant to Fed. R. Civ. P. 12(b)(1), the Court need not reach the arguments that Plaintiff fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 8, PageID.53-67.

**IV.**

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 8). Plaintiff's Amended Complaint (ECF No. 5) is **DISMISSED**.

***This is a final order that closes the case.***

**IT IS SO ORDERED.**

Dated: August 3, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge